No. 82.—HENRY A. TARVER, plaintiff in error, *vs.* ELIZA McKAY and another, defendants in error.

[1.] A new trial should not be granted by a Court of Equity, to a party against whom a judgment has been rendered in a Court of Common Law, unless there has been proper diligence exercised in the Court of Common Law, by the party applying; and one feature of such diligence, is an application for the rule *nisi* during the term at which judgment is rendered, and the filing of a brief of the evidence, under the proper sanctions.

[2.] Where such application is prevented from being heard, and such brief of the evidence not filed, by reason of the sudden and unlooked-for adjournment of an adjourned term of the Court, and before the party applying, or his counsel, could get to Court: *Held*, that the applicant was entitled to be placed in the situation of one who was prevented from prosecuting his rights in a Court of Common Law, by accident, and without negligence or fault, on his part, and on this account, was entitled to relief in a Court of Chancery.

In Equity, in Baker Superior Court. Decision by Judge PERKINS, May Term, 1854.

This bill was filed by Henry A. Tarver, for a new trial, upon the following state of facts:

Eliza McKay brought her action, to recover of Tarver a

lot of land and *mesne* profits, which was pending on the appeal, in Baker Superior Court. At the October Term, 1853, when the case was called, counsel for Tarver moved for a continuance, on the grounds:

1st. Of the absence of his client; and 2d, the loss of the original deeds and title-papers of his client; which motion the Court refused.

The bill alleged, that Tarver had been in attendance on the Court, but was told by an attorney of the Court, that the cause would not be reached until the adjourned term, and left to attend upon other business; that the title-papers were among his father's papers, and not found until after the trial of this case. The cause was tried, and one Wade C. Cox, a witness for the plaintiff, testified that there were from 100 to 150 acres of the land in cultivation by Tarver, and worth $3 per acre rent. The Jury, upon his testimony, returned a verdict for $850, for *mesne* profits. The bill alleged, that in truth and in fact, Tarver had in cultivation, only about four acres of the land; that Cox was mistaken as to the tract or lot he was testifying about, and had, himself, become satisfied of that fact; and in proof thereof, annexed to the bill, was an affidavit of Cox to that effect. The bill farther set out the title of Tarver to the lot, from the husband of Eliza McKay—one Nathan Johnston.

The bill farther alleged, that complainant sought to move for a new trial, at the December adjourned term of said Court, upon the ground of the mistake of Cox; but on Monday morning of said Court, before he or his counsel could reach there, the Court suddenly, and unexpectedly, was adjourned, without doing any business, and before the plaintiff in error, or his counsel, could get to Court.

The bill prayed for a new trial, and an injunction of the *fi. fa.* issued for the *mesne* profits.

The answer of Eliza McKay insisted, that the complainant had not shown proper diligence, either in being present at the trial, or in obtaining his title-papers, or in moving for a new trial; admitted that Cox may have been mistaken; but if so, complainant's counsel were present in Court, and knowing the

mistake, should have had it corrected at that time. The answer denied, positively, the alleged marriage with Johnston, and all title in the complainant, to the land in dispute.

On the coming in of the answer, two motions were made by defendant—one, to dismiss the bill for want of equity—the other, to dissolve the injunction. Both were granted by the Court, and this decision is assigned as error.

MORGAN, for plaintiff in error.

LYON and R. K. HINES, for defendant.

*B  y  Court.*—STARNES, J. delivering the opinion.

[1.] It is abundantly evident, from the record in this case, that the recovery of *mesne* profits, upon the trial at Common Law, depended, almost altogether, upon the testimony of Wade C. Cox, as to the quantity of land under cultivation. The affidavit of this witness, appended to the bill, the truth of which is not denied by the answer, shows, that he erred in his testimony on this point—that he mistook the *locus*, (having "in his mind another lot of land",) and that he was mistaken, as to the number of acres under cultivation.

The materiality of this testimony is, thus, apparent.

But another very necessary consideration is, as to the exercise of sufficient diligence, on the part of the plaintiff in error, after he had discovered the mistake of this witness.

It is insisted, that he should have had this mistake corrected during the trial. The record, however, shows that the mistake was discovered after the trial; that Cox testified according to his belief and supposed knowledge, at the time. And we cannot see, nor was it explained, how the witness could have been made to correct this mistake during the trial.

It is also objected, that there was not proper diligence in moving for a new trial, before the Court below.

It is true, that a new trial should not be granted by a Court of Equity, to a party against whom a judgment has been ren-

dered in a Court of Common Law, unless there has been proper diligence exercised in the Court of Common Law, by the party applying. And it has been correctly decided, that one feature of such diligence, is an application for the *rule nisi*, during the term at which judgment is rendered, and the filing, under the proper sanctions, of a brief of the evidence.

[2.] According to this record, there was no failure in the exercise of diligence, in this case. An application for a new trial was made in time, and, as the record shows, was prevented from being heard, and a brief of the evidence from being filed, by the " sudden and unlooked-for adjournment" of the adjourned term of the Court, "without doing any business, and before the plaintiff in error, or his counsel, could get to Court". Taking this as true, there was no want of diligence, in that sense of the term in which a Court of Justice uses the word. Taking it as true, the plaintiff in error had resorted to the use of those reasonable and judicious means and appliances, proper to procure the end which he had in view, and he was thwarted in their exercise, by circumstances, (as to him,) accidentally occurring, which he could not control, and could not reasonably have anticipated and provided against.

In this sense, it would seem, that he was entitled to be placed in the category of one, who, by accident, and without negligence or fault, on his part, had been prevented from prosecuting his rights in a Court of Common Law, and on this account, was entitled to relief in a Court of Chancery. (*Graham on N. T.* 573, 574.) *Booth vs. Stanper*, (6 *Ga. R.* 175.)

Such relief, we are disposed to extend to the plaintiff in error, so far as to protect him against the recovery for *mesne* profits. And as it has been made known to us, that the defendant in error has expressed a willingness to remit the recovery for *mesne* profits, and as we see no reason to interfere with the judgment of the Court below, on any other ground than that stated, we will, accordingly, by our judgment, put the parties upon terms.

. We therefore order and direct, that unles the defendant in

error, at or before the presentation of this, our judgment, in the Court below, do, in writing and in proper form, the same to be entered on the minutes of the Court below, remit and release to the plaintiff in error, the sum of eight hundred and fifty dollars, being the amount of *mesne* profits or rent, recovered in said case, then, the judgment in the Court below shall be reversed. But if, at or before the time specified, the defendant in error shall remit the said *mesne* profits, as prescribed, then the judgment shall stand affirmed.